# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:09cv51

| | |
|---|---|
| ELRICO DARNELL FOWLER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> GERALD BRANKER, Warden, ) <br> Central Prison ) <br> Raleigh, North Carolina, ) <br> ) <br> Respondent. ) <br> _____) | ORDER |

**THIS MATTER** is before the court upon Petitioner's February 12, 2009 Motion for Appointment of Counsel [Doc. 2] and March 12, 2009 Motion to Proceed In Forma Pauperis [Doc. 3].

Petitioner moves for appointment of Faith Bushnaq and Reita Pendry to assist him in the preparation and litigation of a Petition for Writ of Habeas Corpus, nunc pro tunc to January 7, 2009. Petitioner also requests leave to file his Petition for Writ of Habeas Corpus without pre-payment of costs and to proceed in forma pauperis.

**PROCEDURAL HISTORY**

Petitioner was sentenced to death in the Superior Court of Mecklenburg County, North Carolina, on November 10, 1997 for one count of first-degree murder. His conviction and death sentence were affirmed by the North Carolina Supreme Court. State v. Fowler, 548 S.E.2d 684 (N.C. 2001), cert. denied, Fowler v. North Carolina, 535 U.S. 939 (2002).

On November 12, 2002, Petitioner filed a Motion for Appropriate Relief (hereinafter "MAR") in the Superior Court of Mecklenburg County. Petitioner's MAR proceedings were concluded on October 22, 2007. Thereafter, Petitioner filed a Petition for Writ of Certiorari in the Supreme Court of North Carolina, which was denied on October 9, 2008. Pursuant to 28 U.S.C. § 2254, Petitioner filed a Petition for Writ of Habeas Corpus in this Court on February 12, 2009.

Attorneys Faith Bushnaq and Reita Pendry were appointed to represent Petitioner in his state post-conviction proceedings. They have agreed to represent Petitioner during this stage of federal post-conviction proceedings. Both assisted Petitioner with the preparation of his Petition for Writ of Habeas Corpus.

## DISCUSSION

Rules governing appointment of counsel in habeas proceedings initiated pursuant to 28 U.S.C. § 2254 are governed by 18 U.S.C. § 3599. Pursuant to § 3599(a)(2), a financially eligible person seeking to vacate or set aside a death sentence under 28 U.S.C. § 2254 is entitled to appointment of one or more qualified attorneys. A qualified attorney is one who has been admitted to practice in the court of appeals, in this case the Fourth Circuit Court of Appeals, for not less than five years, and who has not less than three years experience in the handling of appeals in that court in felony cases. § 3599(c). If two attorneys are appointed to represent a habeas petitioner, the statute requires that only one meet the requirements of § 3599(c). Petitioner's Motion is devoid of any information regarding Ms. Bushnaq or Ms. Pendry's qualifications under § 3599.

## ORDER

**IT IS, THEREFORE, ORDERED** that on or before ten (10) days from entry of this Order, either Ms. Pendry or Ms. Bushnaq shall file an affidavit attesting to her and/or proposed co-counsel's qualifications to represent Petitioner pursuant to § 3599(c) or (d).

Signed: April 6, 2009

Martin Reidinger
United States District Judge